UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re:  ) Chapter 11
        )
VAN HAM DAIRY, L.L.C., et al.,[1]  ) Case No. 10-33231-RLS-11
        ) Hon. Richard L. Speer
        ) (Jointly Administered)
Debtors.  )

**JOINT MOTION FOR LIMITED USE OF CASH COLLATERAL
PURSUANT TO BANKRUPTCY CODE SECTION 363 AND GRANTING ADEQUATE
PROTECTION PRUSUANT TO BANKRUPTCY CODE SECTIONS 361 AND 363**

Debtor Van Ham Dairy Leasing, LLC ("Debtor") and AgStar Financial Services, FLCA ("AgStar," and together with Debtor, "Movants"), jointly move the Court for an order granting Debtor the authority pursuant to 11 U.S.C. §363 to use cash collateral in which AgStar has an interest and granting AgStar adequate protection pursuant to 11 U.S.C. § 361 and 363. In support of this motion Movants state as follows:

**BACKGROUND**

A. **The Chapter 11 Filing**

1. On September 3, 2010, (the "Petition Date"), Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C §§101-1330, as amended (the "Bankruptcy Code"). On the Petition Date, Debtor's assets were under the control of Roach & Associates, LLC ("RA"), a receiver appointed by the U.S. District Court for the Northern District of Ohio (the "District Court"), Case No. 3:09-

---

[1] The Debtor entities are Van Ham Dairy, L.L.C. and Van Ham Dairy Leasing, LLC.

SLK_TOL: #1797711v1

cv-02756. Pursuant to a Stipulated Order entered on September 20, 2010 [Leasing D.E. 25], RA was made an "excused custodian" with respect to Debtor's assets under §543(d)(1) of the Bankruptcy Code, and all rights, powers, and duties conferred in RA as receiver by the District Court continued except as modified by the Stipulated Order or other orders of this Court or the District Court. Movants previously reached an agreement, which is memorialized in that certain *Agreed Order Resolving Certain Pending Motions Relating to the Appointment of a Chapter 11 Trustee and Continued Service of Roach & Associates, LLC as Excused Custodian* [D.E. 306] previously entered by the Court, that terminated RA from its duties as receiver and excused custodian pursuant to 11 U.S.C. §543, and returned control of Debtor's assets to Debtor on November 1, 2010. Debtor continues to manage and operate its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, and will re-take control of its assets, including cash, on November 1, 2010.

2. In addition, on November 9, 2010, this Court entered that certain *Agreed Interim Order Authorizing Limited Use of Cash Collateral pursuant to Bankruptcy Code Section 363 and Granting Adequate Protection pursuant to Bankruptcy Code Sections 361 and 363* [D.E. 316] permitting Debtor Van Ham Dairy, L.L.C. ("Dairy") to use cash collateral through and including November 30, 2010. The Movants anticipate that a further Agreed Interim Order will be entered into among AgStar, Debtor and Dairy, requiring Dairy to make its next lease payment due to Debtor on December 1, 2010 in the amount of $51,369.34 as set forth in the proposed Interim Budget (the "Budget") attached hereto as Exhibit 1.

3. No committee of Debtor's creditors has been appointed in this case by the United States Trustee.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C §§157 and 1334. Venue is proper pursuant to 28 U.S.C §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C §157(b)(2).

B. **The Business of the Debtor**

5. Debtor is an Ohio limited liability company formed in 2006 to own the real property and improvements located at 7089 Road 22, Continental, Ohio 45831 (the "Property"), on which a dairy farm owned and operated by Dairy sits.

6. Debtor's "business" is owning the Property. Dairy has a lease with Debtor, pursuant to which Dairy pays Debtor monthly rent, in an amount not less than $48,869.34. As set forth above, the next due lease payment is due on December 1, 2010 in the amount of $51,369.34. Dairy also pays all expenses associated with the Property, including taxes, insurance, and maintenance costs. AgStar holds a properly perfected, first priority mortgage on the Property, and since the date of the filing Debtor or RA has made adequate protection payments to AgStar as provided in the Stipulated Order. As set forth in the Budget, the agreed adequate protection payment due to AgStar on December 1, 2010, is $31,369.34. The Movants and Dairy have agreed to modify the next due lease payment and adequate protection payment to ensure adequate funds are available to cover the professional fees of Debtor for the period September 1, 2010 through December 31, 2010, as previously provided in the Stipulated Order and as agreed under the proposed Agreed Interim Order (defined below) and Budget.

7. Debtor commenced this Chapter 11 case to facilitate a joint reorganization with Dairy. Debtor and Dairy have each filed disclosure statements and plans of reorganization, which continue to be modified as Movants and Dairy work toward a consensual plan of reorganization.

8. Debtor's use of cash collateral is required for Movants to continue to work toward a successful reorganization.

**RELIEF REQUESTED**

9. Debtor's business will be disrupted and the chance for a successful reorganization will be reduced if it is unable to receive and use cash collateral in the ordinary course of its business.

10. Debtor intends to use the cash collateral to make its monthly payment to AgStar, and to pay professional fees and expenses incurred in the course of this bankruptcy case and as approved by the Court.

11. Section 363(c)(2) of the Bankruptcy Code provides that debtors may not use, sell or lease cash collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section." 11 U.S.C. §363(c)(2). Failure to obtain authorization for the use of cash collateral will be fatal to the Debtor and its attempt to reorganize.

12. Section 361 of the Bankruptcy Code provides that Debtor may grant adequate protection by: (1) making cash payments or periodic cash payments; (2) providing an additional or replacement lien; or (3) granting such other relief as will result in the creditor receiving the "indubitable equivalent" of the creditor's interest in Debtor's collateral. The concept of adequate protection is flexible. As the legislative history notes, the means of providing adequate protection enumerated in Section 361 are not exclusive, as there are an infinite number of variations in financial arrangements between debtors and creditors. This

4

flexibility allows courts to adapt to varying circumstances and changing modes of financing. Notes of Committee on the Judiciary, House Report No. 95-595.

13. AgStar consents to Debtor's use of cash collateral, and Debtor agrees to provide adequate protection to AgStar, pursuant to the terms and conditions set forth in the *Agreed Interim Order Authorizing Limited Use of Cash Collateral Pursuant to Bankruptcy Code Section 363 and Granting Adequate Protection Pursuant to Bankruptcy Code Sections 361 and 363,* attached as Exhibit 2 (the "Agreed Interim Order").

## NOTICE

14. In light of Debtor's immediate need for authority to use cash collateral to avoid immediate and irreparable harm to Debtor and its estate, Debtor has provided actual notice to (i) the office of the United States Trustee for the Northern District of Ohio; (ii) the Internal Revenue Service; (iii) all secured creditors of the Debtor; (iv) all secured creditors of Dairy; (v) the List of Creditors Holding 20 Largest Unsecured Claims for the Debtor; (vi) the Official Committee of Unsecured Creditors for Dairy and its counsel; and (vii) any party who has filed an appearance in this case requesting notice, via electronic mail (where available), and/or by regular U.S. mail, postage prepaid (where electronic mail was unavailable). Movants submit that under the circumstances, no further notice or hearing is necessary and requests that the Court consider such notice to be sufficient notice under Bankruptcy Rule 4001.

14. Debtor respectfully requests that it be authorized to serve a copy of the signed Agreed Interim Order, which fixes the time and date for filing of a further objection, if any, by first class mail upon (a) counsel to any official committee of unsecured creditors appointed in this case; (b) the Office of the United States Trustee; (c) all parties who have filed requests for notice under Bankruptcy Rule 2002; (d) each secured creditor and/or their counsel;

5

(e) the unsecured creditors of Debtor on a consolidated basis at their last known addresses; and (f) all other parties ordered by the Court. Debtor requests that the Court consider such notice of the further hearing to be sufficient under Bankruptcy Rule 4001.

**WHEREFORE**, Movants Van Ham Dairy Leasing, LLC and AgStar Financial Services, FLCA move the Court for an order authorizing the use of cash collateral as set forth in the attached Agreed Interim Order (<u>Exhibit 2</u>), and awarding all other relief the Court deems just and proper.

| | |
|---|---|
| <u>/s/ Nathan A. Hall</u> | <u>/s/ Nancy A. Valentine</u> |
| David J. Coyle (0038966) | Lee D. Powar (0033679) |
| Nathan A. Hall (0077014) | Jeffrey A. Brauer (0069908) |
| SHUMAKER, LOOP & KENDRICK, LLP | Nancy A. Valentine (0069503) |
| North Courthouse Square | Christopher B. Wick (0073126) |
| 1000 Jackson Street | HAHN LOESER & PARKS LLP |
| Toledo, Ohio 43604-5573 | 200 Public Square, Suite 2800 |
| Telephone (419) 241-9000 | Cleveland, OH 44114 |
| Facsimile (419) 241-6894 | Telephone: (216) 621.0150 |
| E-Mails: nhall@slk-law.com | Facsimile: (216) 241.2824 |
| dcoyle@slk-law.com | E-Mails: ldpowar@hahnlaw.com |
| | navalentine@hahnlaw.com |
| Attorneys for Debtor | jabrauer@hahnlaw.com |
| Van Ham Dairy Leasing, LLC | cwick@hahnlaw.com |
| | Attorneys for AgStar Financial Services, FLCA |

## CERTIFICATE OF SERVICE

       This is to certify that the *Joint Motion for Use of Cash Collateral Pursuant to Bankruptcy Code Section 363 and Granting AgStar Adequate Protection pursuant to 11 U.S.C. § 361 and 363* has been filed with the United States Bankruptcy Court for the Northern District of Ohio Western Division and served on November 17, 2010, via the Court's electronic filing system and/or regular U.S. Mail as set forth on the attached Service List.

       */s/ Nathan A. Hall*
       David J. Coyle (0038966)
       Nathan A. Hall (0077014)
       SHUMAKER, LOOP & KENDRICK, LLP

       Attorneys for Debtor Van Ham Dairy Leasing, LLC

## SERVICE LIST

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case and who were served by the Court's electronic noticing system:

- Raymond L Beebe    RLBCT@buckeye-express.com

- John R Burns    john.burns@bakerd.com, skrhoads@bakerd.com;oliana.nansen@bakerd.com;sarah.laughlin@bakerd.com

- Matthew R. Duncan    mduncan@bdblaw.com

- Timothy Edward Eagle    teeagle@varnumlaw.com

- Nathan A. Hall    nhall@slk-law.com

- Terry E. Hall    terry.hall@bakerd.com, sharon.korn@bakerd.com;sarah.laughlin@bakerd.com

- Michael S. McElwee    msmcelwee@varnumlaw.com, mkerffmeyer@varnumlaw.com

- John A O'Brien    jobrien@swlaw.com

- Jason V. Stitt    jstitt@kmklaw.com

- United States Trustee    (Registered address)@usdoj.gov

- Nancy A Valentine    navalentine@hahnlaw.com, hlpcr@hahnlaw.com

- William H Webster    wwebster@afwlaw.com

- Christopher B. Wick    cwick@hahnlaw.com, hlpcr@hahnlaw.com

- Derrick Rippy ust11    derrick.v.rippy@usdoj.gov

8

10-33231-rls    Doc 336    FILED 11/17/10    ENTERED 11/17/10 15:04:31    Page 8 of 10

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case and who were served by Untied States Mail, postage prepaid:

Michael S McElwee
333 Bridge St NW
#1700
Grand Rapids, MI 49504

Ulmer & Berne LLP
88 E Broad St
#1600
Columbus, OH 43215

Shumaker, Loop & Kendrick LLP
1000 Jackson St
Toledo, OH 43604

Dean Foods
4420 Bishop Ln.
Louisville, KY 40218-4506

Internal Revenue Service
Insolvency Group 3
1240 East Ninth Street, Room 457
Cleveland, OH 44199

First Federal Bank of the Midwest
PO Box 248
Defiance, OH 43512-0248

CNH Capital
PO Box 7247-0170
Philadelphia, PA 19170-00001

AgStar Financial Services FLCA
1921 Premier Drive
Mankato, MN 56001

First National Bank of Syracuse
PO Box 928
11 N. Main
Syracuse, KS 67878

DeLaval, Inc.
11100 N. Congress Avenue
Kansas City, MO 64153-1296

N.I.R.E. General Contracting
7033 Road 22
Continental, OH 45831

Robinson, Curphey & O'Connell
Four SeaGate, 9th Floor
Toledo, OH 43604

Roach & Associates, LLC
c/o John M. Roach
856 N. Main Street
Seymour, WI 54165

Maple Lane Farm
c/o Keith Lambright
2210N 735W
Shipshewana, IN 46565

Archbold Elevator, Inc.
c/o William L. Fricke
3265 County Road 24
Archbold, OH 43502-9415

Kuhlman Auto Sales, LLC
c/o Gregory Kuhlman
6738 road 10
Leipsic, OH 45856

Hill's Supply, Inc.
c/o Carl David Hill
2366 Locust Street
Canal Fulton, OH 44614

Jay Parker & Sons LLC
c/o Chris J. Parker
10462 S 450 W
Silver Lake, IN 46982

Ohio Dept. of Job & Family Svc.
Bureau of Unemployment Comp.
30 E. Broad Street, 32nd Floor
Columbus, OH 43215

AgStar Financial Services PCA
PO Box 4249
Mankato, MN 56002-4249

Homier Farms Inc.
PO Box 340
Continental, OH 45831-0340

Internal Revenue Service
Insolvency Group 3
1240 E. 9th Street, Room 457
Cleveland, OH 44199